# WILLIAM MOUNT
## v.
## S. D. SCHOLES.

*Jurisdiction—Judgment of Court of Concurrent—When Not a Bar to Suit by Administrator on Notes—Fraud—Evidence.*

1. In all cases of concurrent jurisdiction the court which first obtains it will retain it to the end of the controversy, to the entire exclusion of others.

2. A suit by an administrator, on notes payable to his intestate, is not barred by a judgment rendered by a court of concurrent jurisdiction in a fraudulent suit subsequently brought by the wife of the maker in the name of the administrator for her use, she having possession of the notes.

3. Copies of the notes sued on are held to be competent evidence, the parties having agreed to their use and the defendant having wrongfully aided in placing the notes in the records of the other court.

[Opinion filed August 26, 1886.]

IN ERROR to the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. N. M. BROADWELL and W. J. CONKLING, for plaintiff in error.

A former adjudication bars another suit between the same

parties and privies for the same cause of action. Jones v. Smith, 13 Ill. 301; Zimmerman v. Zimmerman, 15 Ill. 34; Crosby v. Gipps, 16 Ill. 352; I. C. R. R. Co. v. Allen, 39 Ill. 205; Kreuchi v. Dehler, 50 Ill. 176.

A suit may be brought in the name of the party in whom the legal title is, for the use of the holder of an unindorsed note. In case of the death of the payee, the holder may use the name of the administrator, although he protests against it. Bates v. Kempton, 7 Gray, 382; Wait's A. & D. 370.

It is not competent for the defendant to controvert the right of the party for whose use the suit is brought, but it is enough to show a right in the legal plaintiff; and the party for whose use the suit is brought need not show any right in himself. Hamilton v. Brown; Saltmarsh v. Bower, 22 Ala. 221.

Messrs. Patton & Hamilton, for defendant in error.

Conger, J. This was an action of assumpsit, by S. D. Scholes, administrator of Travis Glasscock, deceased, against William Mount, upon several notes executed by said Mount to the said Glasscock in his lifetime.

The suit was brought in the Sangamon Circuit Court on the 28th day of December, 1882, and the summons was served upon Mount upon the 30th day of December, 1882.

Mount interposed two pleas: 1st, *non assumpsit*, upon which issue was joined; and 2d, former recovery, setting up a judgment against him in the Menard County Circuit Court, rendered as claimed upon the same notes. A general demurrer was filed to the latter plea and sustained by the court, upon which ruling error is assigned, but we do not deem it essential to pass upon the point, as appellant introduced the record of the Menard Circuit Court under the general issue, and obtained all the benefit such record could give him thereby.

Travis Glasscock, at the time of his death, was about eighty-two years old, was the uncle of Mount's wife, and had lived a time before his death and died at Mount's house.

Before he went to Mount's to board, he caused one Barber to make and retain copies of these notes on Mount.

By some means not explained by the evidence, after Glasscock's death, Mrs. Mount obtained possession of these notes upon her husband, and on the 2d day of March, 1883, some two months after the institution of the present suit, went with her husband to the Menard County Circuit Court, and there, entirely without the knowledge or consent of Scholes, the administrator, filed a declaration in that court in vacation, upon these notes against her husband. The declaration alleged the giving of the notes to Glasscock, and that he in his lifetime had given them to her, and the suit was brought in the administrator's name for her use.

To this declaration, Mount, upon the same day, filed his affidavit of the genuineness of his signature, together with his confession of the amount due, and thereupon judgment was entered by the clerk.

The time when these papers were filed in the Menard Circuit Court does not appear by any file mark upon them, the record showing no file marks upon either the declaration, cognovit or affidavit, but shows merely that the affidavit was sworn to and the judgment entered upon the 2d of March, 1883. So obnoxious do dates appear to be in these papers that the declaration is entitled, "In the Menard County Circuit Court *of* in vacation *term* in the year eighteen hundred and eighty-three."

The court below decided properly in entirely disregarding the Menard judgment for two reasons: 1st, it was a fraud, so bald and palpable in itself as to be entitled to no respect; 2d, the Menard Circuit Court had no jurisdiction, and its pretended judgment could not be used to delay or defeat this action.

The Sangamon Circuit Court had obtained jurisdiction of the subject-matter and of the person of Mount two months before the appearance of the parties in the Menard Circuit Court.

It is elementary law and needs no citation of authorities to support it, that in all cases of concurrent jurisdiction the

court which first obtains it will retain it to the end of the controversy to the entire exclusion of others.

Copies of the notes were used as evidence of the indebtedness by agreement of the parties that such copies might be used, if the originals were proper evidence under the facts of the case. We think it is clear that the originals, if present in court, would have been proper evidence, as they were not merged in the pretended Menard judgment, nor their vitality in any way destroyed by the proceedings in that court.

Again, Mount could not be heard to complain of the absence of the notes, and that they were in the possession of the Clerk of the Menard Circuit Court as part of the files of that office, for he was evidently a party to the placing of such notes there wrongfully.

The judgment of the Circuit Court is right and will therefore be affirmed.

*Affirmed.*